UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES L. GREENE,

       Plaintiff,                                             Case No. 08-13199

v.                                                            Honorable John Corbett O'Meara

CITIMORTGAGE, INC.,

       Defendant.
                                              /

**ORDER DENYING PLAINTIFF'S AUGUST 21, 2008
MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on plaintiff Charles L. Greene's August 21, 2008 motion for summary judgment. Defendant Citimortgage ("CMI") filed a response September 19, 2008. No reply was filed, and no oral argument was heard. LR 7.1(e)(2)(E.D. Mich. Dec. 1, 2005).

**BACKGROUND FACTS**

Plaintiff Charles L. Greene applied for a loan with ABN AMRO Mortgage Group to finance a newly-constructed condominium in Detroit, Michigan. The loan was approved and executed July 28, 2005. The mortgage expressly stated that funds for escrow were due monthly, as were principal and interest. Defendant's Ex. D, Sec. 1. The mortgage also expressly stated that only the lender could waive the borrower's obligation to pay funds for escrow and that such a waiver must be in writing.

> 3. Funds for Escrow Items. Borrower shall pay Lender on the day Periodic Payments are due . . . a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments . . . . These items are called "Escrow Items." . . . ***Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or***

> ***all Escrow Items at any time. Any such waiver many only be in writing.*** . . . Lender may revoke the waiver as to any or all Escrow Items at any time by a notice . . . and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this section 3.

Ex. D, Sec. 3 (emphasis added).

Plaintiff Greene made timely payments of principal, interest and escrow funds for two years. On April 9, 2007, Plaintiff sent a letter to ABN AMRO purportedly terminating his escrow account and requesting to be billed only his "principal and interest" in the amount of $851.22. Ex. G. Under the terms of the mortgage, however, only the lender can waive the escrow account; and the waiver must be in writing. No such waiver was provided by ABN AMRO. The following month, Plaintiff began sending monthly payments of only $851.22, approximately $500 less than the amount due. In August 2007, Plaintiff was notified that his mortgage loan servicing would be transferred to CMI as of September 15, 2007. Plaintiff continued to send payments, less the escrow amount; and CMI referred his account to foreclosure on March 20, 2008. Plaintiff paid the amount due, minus the late charges that were waived by CMI, to reinstate the mortgage.

In May 2008, Plaintiff resumed making monthly payments; but again each of the payments was "short," covering only the principal and interest and not any amount to be escrowed for tax payments. CMI continued to make tax payments on the property. Ex. I.

Plaintiff Greene filed this suit July 24, 2008, alleging unspecified violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and claiming that CMI deliberately defrauded him. Plaintiff now moves for summary judgment based on his exhibits and "allegations of fact." Plaintiff's motion at 1.

## **LAW AND ANALYSIS**

Rule 9(b) of the Federal Rules of Civil Procedure requires an allegation of fraud to be "stated with particularity." A plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foarmex, L.P., 2 F.3d 157, 161-62 (6th Cir. 1993).

In this case plaintiff Greene merely states that CMI intended to defraud him. The allegations in the complaint are not specific and fail to allege the required elements of fraud. On this basis alone, the court will deny Plaintiff's motion for summary judgment.

Moreover, in order to prove a claim of fraud, a plaintiff must show by clear and convincing evidence the following elements: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew it was false or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance on it; and (6) the plaintiff thereby suffered injury. Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (1976).

Those elements are not met in this case. Plaintiff contends he was defrauded because CMI continued to require him to fund his escrow account after he purported to terminate it. However, pursuant to the unambiguous terms of the mortgage agreement signed by Plaintiff, only the lender has the ability to waive Plaintiff's obligation to pay funds for any and all escrow items. No such waiver was given here. Therefore, under the terms of the mortgage agreement, Plaintiff is required to continue to pay funds for escrow items. Plaintiff's mistaken belief that he can waive his obligation to pay for escrow items does not constitute fraud by defendant CMI. "A plaintiff's

3

subjective misunderstanding of information that is not objectively false or misleading cannot mean that a defendant has committed the tort of fraudulent misrepresentation." Hord v. Envtl. Research Inst. of Mich., 463 Mich. 399, 411 (2000).

To the extent that plaintiff Greene has alleged violations of the RESPA, the allegations are not specific. If, however, Plaintiff is alleging a violation of § 2609, which requires a lender to notify a borrower not less than annually of any escrow shortages, Plaintiff was provided with timely notice of the shortage. Furthermore, Plaintiff does not allege that CMI failed to provide adequate escrow account statements; rather, he claims that he should no longer have an escrow account. Therefore, Plaintiff has provided no evidence to show that CMI has violated the provisions of the RESPA.

## **ORDER**

It is hereby **ORDERED** that plaintiff Greene's August 21, 2008 motion for summary judgment is **DENIED.**

                                                       s/John Corbett O'Meara
                                                       United States District Judge

Date: October 10, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 10, 2008, by electronic and/or ordinary mail.

                                                         s/William Barkholz
                                                       Case Manager