UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. GREENE,

    Plaintiff,                                                   Case No. 08-13199

v.                                                         Honorable John Corbett O'Meara

CITIMORTGAGE, INC.,

    Defendant.

                                             /

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on plaintiff Charles L. Greene's renewed motion for summary judgment. Defendant Citimortgage ("CMI") filed a response, along with its own motion for summary judgment. On January 19, 2009, the court ordered Plaintiff to file a response to Defendant's motion by February 16, 2009; however, Plaintiff failed to file a response. No oral argument was heard. LR 7.1(e)(2)(E.D. Mich. Dec. 1, 2005).

On October 10, 2008, this court entered an order denying plaintiff Greene's August 21, 2008 motion for summary judgment. Plaintiff's complaint alleged that Defendant committed fraud by requiring Plaintiff to make timely mortgage payments that included principal, interest and escrow funds. As articulated in that previous order of the court, under the clear and unambiguous terms of the agreement between the parties, "only the lender has the ability to waive Plaintiff's obligation to pay funds for any and all escrow items." October 10, 2008 Opinion at 3.

In his renewed motion for summary judgment, Plaintiff seeks the same relief against defendant CMI, although it appears as though Plaintiff has attempted to re-categorize his claim as "tort and wrongful foreclosure." Plaintiff's mot. at 1. However, at this point Plaintiff is precluded from

amending his complaint without leave of the court pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Moreover, the court would not grant a request by Plaintiff for leave to file an amended complaint to add claims for "tort and wrongful foreclosure" because such an amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962). For the reasons set forth in its October 10, 2008 order, the court must deny Plaintiff's renewed motion for summary judgment.

In its motion for summary judgment, Defendant asserts there are no genuine issues of material fact under Rule 56(c) of the Federal Rules of Civil Procedure; and the court agrees. First, Michigan law does not recognize a separate cause of action for "wrongful foreclosure." Moreover, even if did recognize such a claim, Plaintiff has failed to articulate whether the claim is alleged under tort or contract. The cause of action would fail as a breach of contract claim because it is based on Plaintiff's inaccurate interpretations of key provisions within the note and the mortgage. Again, the language in these documents is clear and unambiguous despite Plaintiff's allegations to the contrary. A claim of wrongful foreclosure as a tort claim would also fail in this instance because the Michigan Supreme Court has held that breach of a contractual duty alone is insufficient to establish tort liability. Fultz v. Union Commerce Assocs., 470 Mich. 460, 469-70 (2004). Therefore, defendant CMI is entitled to summary judgment on any wrongful foreclosure claim.

In its previous order, this court denied plaintiff Greene's motion for summary judgment on fraud claims, as well as on the unspecified claims brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* Because no genuine issues of material fact remain with respect to these claims, Defendant is entitled to summary judgment on these claims as well.

## **ORDER**

It is hereby **ORDERED** that plaintiff Greene's renewed motion for summary judgment is **DENIED.**

It is further **ORDERED** that defendant Citimortgage's motion for summary judgment is **GRANTED** in its entirety.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date:  May 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 27, 2009, by electronic and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager